IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOE 1, BY AND THROUGH HIS
FATHER AND NEXT FRIEND JOHN DOE 2,

      Plaintiffs,

vs.                                                    Civ. No. 00-1600 WWD/DJS ACE

STEPHEN ROBERT BURROW,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Polygraph Expert and Admission of Polygraph Test [Docket #51]. Plaintiff intends to offer evidence from a polygraph expert which would bolster Plaintiff's credibility on the question of whether Plaintiff is being truthful in accusing Defendant of sexual misconduct directed at Plaintiff. Fed. R. Civ.P. 702 governs the admissibility of scientific expert testimony. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), proffered scientific expert testimony is measured for reliability by considering (1) whether the technique can and has been tested; (2) whether the technique has been subjected to peer review; (3) the known or potential error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has gained general acceptance in the scientific community. The listed factors are not exhaustive. Polygraph evidence, like other scientific evidence, must be subjected to the Rule 702 analysis set forth in

*Daubert, United States v. Call,* 129 F.3d 1402 (10th. Cir. 1997); however, contrary to the contentions of each party, *Call* neither mandates an evidentiary hearing nor does it support the exclusion of polygraph evidence on the basis of the criteria set out in *Daubert.* Where, as here, the Court does not have sufficient evidence upon which to base a *Daubert* determination with respect to proffered scientific evidence, an evidentiary hearing is necessary. Of course, the question of prejudice under Fed. R. Civ. P. 403 might still be controlling as it was in *Call*, but I cannot make that determination at this time.

**WHEREFORE,**

**IT IS ORDERED** that an evidentiary hearing will be held before the undersigned at **9:00 A.M. ON MONDAY, JANUARY 28, 2002,** in the **HONDO COURTROOM, 4TH FLOOR, U.S. COURTHOUSE, 333 LOMAS BLVD., N.W., ALBUQUERQUE, NEW MEXICO,** for the purpose of determining whether polygraph evidence should be received in the trial of this law suit

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Polygraph Expert and Admission of Polygraph Test [Docket #51] is **DENIED** subject to later consideration.

_____
UNITED STATES MAGISTRATE JUDGE