IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOE 1, BY AND THROUGH HIS
FATHER AND NEXT FRIEND, JOHN DOE 2,

Plaintiffs,

vs. Civ. No. 00-1600 WWD/DJS ACE

STEPHEN ROBERT BURROW,

Defendant.

MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the question of whether the Court will receive polygraph evidence in the trial of this cause. Previously, I denied Defendant's motion in limine seeking to exclude polygraph evidence until a hearing could be had on the matter, and such a hearing was held January 28, 2002. At the hearing Plaintiffs made an excellent record with their well qualified expert, and Defendant, also through a well qualified expert, argued that the polygraph evidence should not be admitted. Defendant's position had a twist in that Defendant has been examined by his expert, and if the Court were to admit the results of the Plaintiff's polygraph examination, Defendant would also offer the evidence from his own examination. At this point the Defendant's examination has not been challenged; however, in view of my ruling below, it will not be necessary to deal with that contingency. Plaintiffs' expert did a thorough job of explaining the theory underlying polygraph examinations[1], the "standards" relied on, provisions for peer review, error rates where known, administering exams using the "Control Question" technique, licensing and qualifications of examiners in New Mexico , and modes of

[1]I will not quote extensively from the transcript of the hearing.

"testing" results. Plaintiffs' expert also reviewed the way the examinations have been used extensively in business and in government. There seems to be little question as to the utility of the polygraph: however, that utility does not resolve the question of admissibility in a trial where we have a traditional truth finding mechanism, a jury, and where having expert opinions on ultimate questions based on a process which has numerous places for slippage may be given weight out of proportion to their actual probative value. At the hearing the testimony indicated that the error rate in polygraph tests in real life situations (as opposed to controlled situations) was not known. There were also many factors which could skew results and certain of those factors, such as Plaintiff's lack of sleep or deficient memory when tested, could invalidate the test. The interpretation of the results of the test done on the Plaintiff varied from "truthful" by Plaintiffs' expert to "inconclusive" by Defendant's expert.

*Conclusion.*

To allow the polygraph experts to testify in the trial of this case would have each expert vouching for his client and then attacking the methodology, interpretation, and any other target of opportunity in connection with his opposite number's work. The situation would be ripe for confusing and misleading the jury in an area where the "science" is open to question. In the circumstances of this particular case, the polygraph evidence should not be admitted, and upon this fuller consideration, Defendant's motion in limine (Docket No. 51) is revisited and it is now **GRANTED.**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE